UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LOGGAN T. PLUMMER,

          Plaintiff,

v.                                       Case No. 22-CV-1175

YSAMAR VILLAGOMEZ,
RICKY SEARL, and JOHN DOE,

          Defendants.

## ORDER

Plaintiff Loggan T. Plummer, who is confined at Oshkosh Correctional Institution (Oshkosh) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Plummer also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court has jurisdiction to resolve his motion and screen the complaint in light of Plummer's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Plummer was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On October 4, 2022, Plummer filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2) On October 5, 2002, the court ordered that Plummer shall pay $53.82 as an initial partial filing fee by November 4, 2022. (ECF No. 5) Plummer paid the fee on October 11, 2022. The court will grant Plummer's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Plummer's Allegations*

Plummer alleges that on June 20, 2022, at Oshkosh, defendants Officer Ysamar Villagomez and Officer Ricky Searl witnessed an altercation between him and another inmate but failed to take any action to discipline either him or the other inmate. (ECF No. 1 at 2-3.) As a result, Plummer was stabbed with a shank in his stomach and chest and spent three days in the hospital. (*Id.*)

Plummer also alleges that an unknown defendant who he identifies as "John Doe" was a supervisor at Oshkosh and failed to "properly hold subordinates accountable for job duties during shift change debrief process and due to the defendants' lax supervising of subordinates, led to [a] sloppy and unprofessional debrief process that led to officers not taking job duties serious in transferring information that involved a serious security threat." (ECF No. 1 at 3.)

*Analysis*

Plummer claims that the defendants violated his constitutional rights when they failed to prevent another inmate from shanking him. "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). To state an Eighth Amendment claim against an official for failing to protect him, a plaintiff must allege "the official knows of and disregards an excessive risk of safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

4

Plummer sufficiently alleges a failure-to-protect claim under the Eighth Amendment against Villagomez and Searl. However, he does not sufficiently allege a claim against the John Doe supervisor. Supervisors can be held liable for constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* At most Plummer alleges that the John Doe supervisor allowed the officers he oversees to not fully comply with shift change procedures. He does not allege that the John Doe supervisor was aware that Villagomez and Searl witnessed an altercation that led to Plummer's injuries and did nothing about it.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plummer's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDRED** that defendant John Doe is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Ysamar Villagomez and Rickey Searl. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

5

**IT IS FURTHER ORDERED** that the agency having custody of Plummer shall collect from his institution trust account the $296.18 balance of the filing fee by collecting monthly payments from Plummer's prison trust account in an amount equal to 20 percent of the preceding month's income credited to Plummer's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plummer is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plummer is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plummer is further advised that the failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plummer is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plummer's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plummer may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge